Revised 03/06 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

07 CV 0035 JR

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

A. **Full Name And Prisoner Number of Plaintiff:** NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, **each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.***

1. Donald James Anson    12332-055
2. _____

-VS-

B. **Full Name(s) of Defendant(s)** NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. United States of America
2. United States Marshals Service
3. _____
4. _____
5. _____
6. _____

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Donald James Anson 12332-055

Present Place of Confinement & Address: Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, N.Y. 14020

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

1

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: **UNITED STATES OF AMERICA**

(If applicable) Official Position of Defendant: _____

(If applicable) Defendant is Sued in _____ Individual and/or _____ Official Capacity

Address of Defendant: _____

Name of Defendant: **UNITED STATES MARSHAL SERVICE   USM #1**

(If applicable) Official Position of Defendant: **DEPUTY MARSHAL**

(If applicable) Defendant is Sued in _____ Individual and/or __X__ Official Capacity

Address of Defendant: **CAN NOT FIND OUT NAME FROM U.S. MARSHALS I BELIEVE HE IS WORKING IN VIRGIN ISLANDS NOW**

Name of Defendant: **USM #2**

(If applicable) Official Position of Defendant: **DEPUTY MARSHAL**

(If applicable) Defendant is Sued in _____ Individual and/or _____ Official Capacity

Address of Defendant: **CAN NOT FIND OUT NAME FROM U.S. MARSHALS I BELIEVE HE IS WORKING IN ATLANTA, GA. NOW**

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**? Yes **X**  No ___

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s): **DONALD J. ANSON  12332-055**

   Defendant(s): **BRENDA BAILEY CDR, MD, LT. DEBORAH DOODY, CAPT. YVONNE ANTHONY, LT. RICHARD LAWTON**

2. Court (if federal court, name the district; if state court, name the county): **WESTERN DISTRICT OF NEW YORK**

3. Docket or Index Number: **1:06-CV-344 (HKS)**

4. Name of Judge to whom case was assigned: **H. KENNETH SCHROEDER JR.**

2

5. The approximate date the action was filed: ~~OCT 1 99~~ JUNE 15, 2006

6. What was the disposition of the case?

    Is it still pending? Yes **X** No ~~☒~~

    If not, give the approximate date it was resolved._____

    Disposition (check the statements which apply):

    ____ Dismissed (check the box which indicates why it was dismissed):

    ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    ____ By court for failure to exhaust administrative remedies;

    ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    ____ By court due to your voluntary withdrawal of claim;

    ____ Judgment upon motion or after trial entered for

    ____ plaintiff

    ____ defendant.

B. Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

    Yes **X** No____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

    Plaintiff(s): ~~CHRISTON~~ DONALD ANSON 12332-0??

    Defendant(s): CORRECTIONS CORP. OF AMERICA

2. District Court: CLEVELAND OHIO  NORTHERN DIST. OF OHIO
3. Docket Number: 4:06-CV-1672
4. Name of District or Magistrate Judge to whom case was assigned:
    JUDGE JAMES S. GWIN
5. The approximate date the action was filed: JULY 12, 2006
6. What was the disposition of the case?

    Is it still pending? Yes **X** No____

    If not, give the approximate date it was resolved._____

3

Disposition (check the statements which apply):

_____ Dismissed (check the box which indicates why it was dismissed):

    _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    _____ By court for failure to exhaust administrative remedies;

    _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    _____ By court due to your voluntary withdrawal of claim;

_____ Judgment upon motion or after trial entered for

    _____ plaintiff

    _____ defendant.

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection
- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect
- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must <u>provide information</u> about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must <u>attach copies</u> of any decisions or other documents which indicate that you have exhausted your remedies for <u>each</u> claim you assert in this action.

4

## Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a),** "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

---

**A. FIRST CLAIM:** On (date of the incident) On or about 4/13/05 Donald Anson (plaintiff) was instructed by USM#1, whose care and custody he was under, to climb over a partially folded down rear drivers-side seat of a U.S. Marshals vehicle while he was handcuffed to a waist chain and had his ankles shackled. At such time he caught his right foot and ankle chain on the back of the partially folded seat falling onto his left elbow and **injuring his left shoulder**. The only reason Mr. Anson was required to climb over a seat, that was not or could not be completely folded out of the way, is because the marshals decided not to use the passenger-side door because of a loose piece of weather striping.

**Defendant (give the name and position held of each defendant involved in this incident);**
At the present time the names of the two U.S. Marshals involved are still unknown. The plaintiff has written to the Rochester, N.Y. office of the US Marshals, where the Marshals were serving at the time, requesting the names of the Marshals involved, but that office has refused to reply. The plaintiff also wrote to John Patterson and Janice Tate, both from the Office of the General Counsel at the U.S. Marshals Service Headquarters in Washington D.C. also without any reply. The plaintiff also asked the facility where he was held and transported from for records of the Marshals who signed for his transportation without any reply. I will therefore refer to the two Marshals as USM#1 and USM#2.

5

**Did the following to me (briefly state what each defendant named above did):**

1) On or about 4/13/05, the U.S. Marshals, USM#1 and USM#2, transported me from the Buffalo Federal Detention Facility (BFDF) in Batavia N.Y., where I was held in custody under an agreement with the US Marshals, to Rochester, N.Y., for a court appearance.

2) I was to be transported in a dark blue or black Ford Expedition with the N.Y. license plate ATM 6209

3) When it was time to enter the vehicle the Marshals, after some discussion between themselves, decided to have us enter the vehicle via the rear driver-side door instead of the rear passenger-side door, as had been done on all of the pervious trips I had made in this particular vehicle.

4) The reason that the Marshals established in their discussion, and explained to those of us being transported, was that there was a loose piece of rubber weather-stripping at the top of the rear passenger-side door. They had decided, that since the section of the loose weather-stripping (about 4-5 inches worth) would hang down when the door was opened, and as such would have had to be pressed back into place before the door could be properly closed, that it would be more convenient for the 2 Marshals to have us use the rear driver-side door. The Marshals would otherwise, have had to reach up and physically press the 4-5 inch area of weather striping back into place with their finger before closing the door.

5) This same Ford Expedition had suffered from this same problem (loose weather striping over passenger-side rear door) for an extended period before the date of this injury. Despite the problem the Marshals had used the affected door on all the previous trips the plaintiff

6

had taken prior to this incident. The Marshals had, until this particular instance, taken the time to push the loose weather- stripping back into place before closing the door.

6) In addition that same vehicle, as of 1/5/07, still has a problem with that same piece of weather- stripping. There is now a 4 to 5 foot long piece that lies on the floor. Though the Marshals now use the passenger-side rear door despite this problem. They just leave the weather-stripping laying on the floor. (Plaintiff has repeatedly requested the maintenance records for the Ford Expedition but has received no reply).

7) The Ford Expedition involved, had a 70/30 stile seat between the middle, or second row of seats, and the back, or third row of seats. The passenger-side of the middle seat is the 30 portion of the 70/30 seat. The passenger-side seat, not only folds down but also moves forward to allow easy access to the rear, or third row of seats. The drivers-side, or 70 portion either dose not move forward after it is folded down, or the Marshals decided not to move it forward out of the way. (Do to my incarceration I have not yet been able to obtain a copy of the owners manual for the Ford Expedition to determine if the 70 portion of the seat could have been moved out of the way or not).

8) USM#1, who was in custody and control of the plaintiff, instructed the plaintiff to climb over the back of the second row seat, into the rear, or third row seat.

9) USM#1 was fully aware that the plaintiff was handcuffed to a waist chain, which made the use and movement of his arms hands nearly impossible.

10) USM#1 was also fully aware that the plaintiff was wearing shackles, which chained his ankles together with a short length of chain. These shackles were designed to limit leg movement, as they did in this case.

11) While the plaintiff was following the directive given by USM#1, whose custody the plaintiff was in, his right foot and/or leg chain caught on the back of the folded down (but not slid forward) second row seat causing him to trip and fall.

12) When the plaintiff fell he landed on his left elbow, injuring his left shoulder as a result.

13) The plaintiff contends that had the US Marshals either: **1).** properly maintained the vehicle so that the loose weather striping would not have required the use of the driver-side door for entry to the rear seat, or **2).** had the US Marshals not been opposed to taking the 10 to 15 seconds required to press the loose section of weather striping back into place after using the passenger-side door, either of which would have allowed entry to the rear seat without the plaintiff being forced to climb over the second row seat, the plaintiff would not have been injured. In addition, if the driver-side seat could have been slid forward, out of the way, for easier access to the rear the Marshals should have done so. It may also be worth noting that some time after the injury the plaintiff found out that there was a moveable piece of flooring, which is designed to make access to the rear seat via the driver-side safer, that was not used by the Marshals.

14) The plaintiff, as a result of the fall, suffered what the medical staff at three different facilities assumed was a torn rotator cuff. This was never confirmed because the US Marshals refused to authorize a MRI, or at least this is what the plaintiff was told by the BFDF medical staff.

The medical staff at BFDF (Lt. Doody) explained that a MRI would be needed to detect a rotator cuff tear, and on several occasions told the plaintiff she had recommend and requested one in this case. The facility where the plaintiff was held would not pay for an MRI or the related costs, and according to what the plaintiff was told, the US Marshals also refused to accept the financial responsibility for the MRI.

15) The plaintiff was also told by the BFDF medical staff, that they had requested the plaintiff be moved to another facility, one which was better suited to deal with his injury and/or treatment, but that move was not approved. It is the US Marshals that control where a pre-trial detainee is held.

16) Further more, when the plaintiff requested that USM#1 make arrangements for the plaintiff to be handcuffed with his hands in front of him, USM#1 claimed that he called the medical dept. at the facility to verify the need for this request. (detainees are normally handcuffed with there hands behind there back in the courthouse) USM#1 told the plaintiff that the Medical Dept. had told him there was no injury to plaintiff. The Medical staff (plaintiff's care provider Lt. Doody) however told the plaintiff USM#1 never made any such call to the Medical Dept., and that if he had, the Medical Dept. would NOT have said that there was no injury.

17) In addition the plaintiff had difficulty in obtaining a SF-95 form to begin his claim against the Marshals. It was only through the BFDF staff that he was finally provided with one on or about 8/5/05.

18) Only days after obtaining the SF-95 form, the defendant was moved to another facility by the US Marshals. At the time of that move USM#1 took possession of all of the plaintiff's legal material, despite protests by the plaintiff that such a seizure was illegal. While the legal material, which included the SF-95 form and all the plaintiff's records and notes on the injury, was in the possession of the US Marshals, a large quantity of the materials (@30%) were 'lost'. This just happened to include copies of all the plaintiff's sick call slips, notes on the accident, claim forms, and some of the statements from other detainees regarding the effects of the injury on the plaintiff.

19) This injury has left the plaintiff in serious pain, which has lasted for over 1 ¾ years, and continues to this day. It has left the plaintiff with greatly reduced range of movement in his left arm, and left him unable to lift even minimal weight without great pain. The injury has prevented the plaintiff from working at jobs in the facility, costing him both money and a chance to obtain the privileges and respect that go with those jobs. It has left the plaintiff in a more venerable condition in the prison environment, which has led to increased theft of property and harassment. In addition the plaintiff has reoccurring numbness in to fingers (ring and little) of his left hand and the corresponding portions of his palm.

20) The plaintiff has also been told that he now suffers from arthritis and that such a condition often follows the type of injury he sustained in the fall. This is a condition that will likely last for the remainder of the plaintiff's life.

21) This injury also will have a profound effect on the plaintiff's ability to find and maintain work in the future. It will also have an impact on the plaintiff's 'quality of life' for the remainder of his life.

22) The plaintiff has also needed to take very large doses of pain medications over an extended period of time, and in all likelihood will continue to need them in the future. These pain killers or apt to cause further problems in the plaintiffs future and will present a constant and life long expense.

23) The plaintiff has been told that he will have to learn to live with the problem for the rest of his life, by medical staff here at BFDF.

**The constitutional basis for this claim under 28 U.S.C. §1346(b) is:** The Federal Tort Claims Act (FTCA) of 1946.

**The relief I am seeking is (briefly state relief sought):** 1) I am requesting the sum of $75,000.00 dollars (or whatever amount a jury sees as fit and just) for the pain and suffering caused by the injury, and as compensation for lost wages and privileges while incarcerated, as well as the impact the injury will have on my obtaining and maintaining employment upon my release. 2) For the US Marshal service to undertake the financial responsibility for any future medical treatment such as diagnostic, corrective surgery, medication, and therapy as may be needed in the future, as a result of this injury. 3) To preserve the right to sue the US Marshals service for any future complications or problems reasonably related to the injury and the medications needed as a result of the injury that may arise in the future.

## Exhaustion of Your Administrative Remedies for this Claim:

**Did you grieve or appeal this claim?** ___ Yes ____ No. **If yes, what was the result?** <u>There are no administrative remedies that I am aware of other than the filing of the SF- 95 Form and waiting for six months before starting this suit, which I did. Such form was mailed to the US Marshals Service Headquarters as directed on the forms instructions. (a copy is attached)</u>

**Did you appeal that decision?** ___ Yes **X** No. **If yes, what was the result?** <u>I am not aware of any available means to appeal the US Marshals non-response to my SF 95 claim form</u>.

*Attach copies of any documents that indicate that you have exhausted this claim*

<u>I am attaching copies of the SF 95 claim forms along with correspondence that show receipt or requests for conformation of receipt of forms and documents.</u>

**Do you want a jury trial? Yes _X_ No ___**

**I declare under penalty of perjury that the foregoing is true and correct.**
Executed on _____ JANUARY 22, 2007 _____.

**Note:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____ Donald J. [signature] 12732-055 _____

_____
Signature(s) of Plaintiff(s)

SENT REG.
PARTIAL MED RECORDS SENT
ORIGINAL SENT 2/21/06 WITH WRONG DATE IN #6  SENT 4/4/06

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

**1. Submit To Appropriate Federal Agency:**
JOHN PATTERSON
OFFICE OF GENERAL COUNSEL
12TH FLOOR, BUILDING CS-3
U.S. MARSHALS SERVICE HEADQUARTERS
WASHINGTON, D.C. 20530-1000

**2. Name, Address of claimant and claimant's personal representative, if any.**
DONALD JAMES ANSON  #12332-055
BUFFALO FEDERAL DETENTION FACILITY
4250 FEDERAL DRIVE
BATAVIA, N.Y. 14020

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN | 6/21/55 | SINGLE | WENSDAY 4/13/05 | 9:00 A.M. |

**8. Basis of Claim**
WHEN BEING TRANSPORTED TO COURT FROM THE BUFFALO FEDERAL DETENTION FACILITY IN BATAVIA, NY TO ROCHESTER N.Y. I WAS TOLD TO CLIMB OVER THE MIDDLE ROW OF SEATS WHILE SHACKLED AND HANDCUFFED AND FELL INJURING MY LEFT SHOULDER. THE REASON I HAD TO CLIMB OVER THE SEAT IS THE REAR PASSENGER SIDE DOOR ON THE FORD EXCURSION HAS A LOOSE PIECE OF WEATHER STRIPPING AND IF THE MARSHAL OPENED THE DOOR HE WOULD HAVE TO PUSH IT BACK ON WITH HIS FINGER BEFORE CLOSING THE DOOR AND HE DID NOT WANT TO.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT:

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.

**10. PERSONAL INJURY/WRONGFUL DEATH**

LEFT SHOULDER + ARM CAUSING GREAT PAIN AND IMPAIRED MOVEMENT TO THIS DAY. I HAVE TRIED TO GET COPY OF MEDICAL RECORDS AND X-RAYS SINCE JULY OF 2005 (PROOF OF NUMEROUS ATTEMPTS AVAILABLE) WITH OUT ANY SUCCESS I CAN NOT EVEN GET THE ADDRESS OF THE OUTFIT IN POSSESSION OF THE X-RAYS.

**11. WITNESSES**

| NAME | ADDRESS |
|---|---|
| WROTE TO REQUEST NAMES OF MARSHALLS + OTHER PASSANGERS THREE TIMES WITH NO REPLY JUST WROTE A FOURTH ON 4/3/06 | |

**12. AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL |
|---|---|---|---|
| | $75,000.00 | | $75,000.00 |

| 13a. SIGNATURE OF CLAIMANT | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| [signature] | N-A | 2-22-06 |

CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM — The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.)

CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS — Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.)

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, If yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. ☒ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) ☒ No

SF 95 (Rev. 7-85) BACK

*U.S. Government Printing Office: 1985 — 387-722/20001