IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ANGELO PORRELLO,                    )
                                    )
                 Plaintiff,         )
         v.                         ) Case No. 04-3269-CV-S-JCE
                                    )
UNITED STATES OF AMERICA, et al.,   )
                                    )
                 Defendants.        )

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss or Alternative Motion for Summary Judgment. For the reasons set forth herein, it will be ordered that defendant's Motion to Dismiss be granted.

Plaintiff, a federal prisoner, has filed a complaint pursuant to the Federal Tort Claims Act ("FTCA"), in which he alleges that he suffered injuries due to negligent acts of the United States Marshal's Service ("USMS"), and negligent acts of employees of the Corrections Corporation of America ("CCA"). Specifically, plaintiff alleges that a Deputy United States Marshal ("DUSM") failed to properly hold a belly chain, causing him to slip and fall in the courtroom. He also asserts that the DUSM roughly helped him get to his feet after he fell. Plaintiff contends, moreover, that he was inadequately treated by the USMS because of a delay in medical treatment, and was further injured by the CCA's delay in medical treatment.

The government maintains that plaintiff's claims should be dismissed under Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure because this Court lacks subject matter jurisdiction over the matter, and because he has failed to state a claim upon which relief can be granted. Alternatively, the government seeks summary judgment under Rule 56(c) of the Federal

Rules of Civil Procedure.

Under Rule 12 of the Federal Rules of Civil Procedure, a party may seek dismissal on the grounds of lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because sovereign immunity implicates subject matter jurisdiction, it is appropriate to raise a jurisdictional challenge under Rule 12(b)(1). Jones v. United States, 255 F.3d 507, 511 (8th Cir. 2001). Due to the fact that jurisdiction is a threshold question, the Court may look outside the pleadings to determine whether subject matter jurisdiction exists. Green Acres Enterprises, Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005). In considering a motion to dismiss, the Court must construe the complaint liberally and assume all factual allegations to be true. Whisman v. Rinehart, 119 F.3d 1303, 1308 (8th Cir. 1997). Dismissal is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts that would demonstrate entitlement to relief. Smith v. St. Bernards Regional Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994).

The parties have filed a Joint Stipulation to Certain Factual Issues, and accordingly, the Court will not restate the facts of this case.

Plaintiff contends that the United States was negligent because no deputy United States Marshal held on to his restraints while he was walking so as to afford him additional balance and assistance into the courtroom at the federal courthouse in Kansas City, Missouri, on January 2, 2002. Plaintiff asserts that, as a 78 year old man, with prior injuries and surgeries, he was unsteady and required the use of a cane for walking. While in the custody of the USMS at the courthouse, he states that he was fully shackled and denied the use of his cane. When he was escorted into the courthouse by a DUSM, he had no problems walking because the DUSM held on to the chain behind him. Following his hearing, he stood up, and took a few steps, when he was tapped on the shoulder

by a DUSM, turned and fell down. When he fell, he struck his face, cheek, neck, and shoulder against the floor, causing severe injuries. He contends that a DUSM assisted him to his feet without first seeking emergency medical assistance, causing him further pain and injury. Plaintiff asserts that he was transported back to the facility where he was housed by CCA without receiving any medical treatment until several hours later. It is his contention that defendants were negligent in failing to use reasonable means to safely escort him to and from his hearing, and that he is therefore entitled to relief under the FTCA.

**I. Escorted without assistance claim**

In his response, it is plaintiff's contention that his claim regarding the manner in which he was escorted is not barred by the discretionary function exception to the FTCA.[1] He asserts that the exception does not apply with regard to the manner in which a DUSM escorts a fully restrained prisoner because the marshals are mandated by federal statutes and regulations to use full restraints on all prisoners at the federal courthouse in Kansas City, Missouri. Therefore, he contends that the DUSM's conduct is the subject of a "mandatory federal statute, regulation or policy prescribing a specific course of action," as required by Berkovitz v. United States, 481 U.S. 531, 536 (1988). Even if the DUSM's conduct did involve an element of choice, however, plaintiff asserts that there were not "social, economic, and political policy" considerations that the discretionary function is designed to shield. Rather, he asserts that under the specific facts of his case, namely his age and the need for a cane, the decision not to assist him simply involved the ministerial conduct of carrying out required duties in a reasonably safe manner. He contends that the DUSM's mandatory and statutory duty to safely transport him clearly overrides any other policy consideration, and that the

---

[1] Petitioner does not address his other claims in his response.

knowledge of his need for a cane altered any possible discretionary choice by the DUSM. The judgment of the DUSM not to assist him, is not, he contends, a judgment the discretionary function exception is designed to shield. Plaintiff also asserts that DUSM Mumford admitted fault in the incident.

Under the FTCA, Congress has waived the sovereign immunity of the United States by giving district courts jurisdiction over certain torts committed by federal employees. 28 U.S.C. § 1346(b). The FTCA allows suits against the United States for personal injuries caused by the negligent acts or omissions of any government employee while acting within the scope of his or her employment, "under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b)(1). Congress has exempted from this limited waiver "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved abuse." 28 U.S.C. § 2680(a). If a case falls within this statutory exception to the FTCA, the Court lacks subject matter jurisdiction. The discretionary function exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." Dykstra v. U.S. Bureau of Prisons, 140 F.3d 791, 795 (8th Cir. 1998). It has the purpose of preventing "judicial second-guessing of legislative and administrative decisions grounded in social, economic, and policy through the medium of an action in tort." United States v. Gaubert, 499 U.S. 315, 323 (1991).

The Supreme Court has articulated a two-part test to be applied in determining whether a particular claim falls under the discretionary function exception to the waiver of sovereign

immunity. Gaubert, 499 U.S. at 322 ; Berkovitz, 486 U.S. at 531. To take advantage of the exception, the government must first establish that the employee's action involved judgment or choice. Demery v. U.S. Dept. of Interior, 357 F.3d 830, 832 (8th Cir. 2004); Berkovitz, 486 U.S. at 536. The essential inquiry is whether the challenged conduct violated a mandatory regulation or policy that allowed no judgment or choice, i.e., that specifically prescribed a course of action for an employee to follow. Berkovitz, 486 U.S. at 536. If so, the discretionary function does not apply because there was no element of judgment or choice in the conduct at issue. Gaubert, 499 U.S. at 322. Assuming that the challenged conduct does involve an element of judgment or choice, the second part of the test is to determine if this action "is of the kind that the discretionary function exception was designed to shield." Id. at 322-23. In Gaubert, the Supreme Court indicated that when administrative decisions are grounded in social, economic, and political policy, and "where there is room for policy judgment and decision, there is discretion of the sort protected by the FTCA." Gooden v. U.S. Dept. of Interior, 339 F. Supp.2d 1072, 1077 (D.N.D. 2004), citing Gaubert, 499 U.S. at 322-23.

The government maintains that the discretionary function exception bars a tort claim arising out of the manner in which DUSMs escort fully restrained prisoners. First, it is asserted that the use of full restraints is mandated at the federal courthouse in Kansas City, Missouri. The government contends, however, that the manner in which such prisoners are escorted by DUSMs is not mandated, but is left to the discretion of each individual DUSM. For example, it is contended that an individual DUSM can hold on to the prisoner's belly chain, or can choose not to do so. The government contends that the challenged conduct in this case involved an element of judgment or choice because the conduct was not "the subject of any mandatory federal statute, regulation, or

5

policy prescribing a specific course of action." Berkovitz, 486 U.S. at 536. Therefore, it is asserted that the Court must proceed to the second tier of the Berkovitz-Gaubert analysis, that is, whether the judgment is of the kind that the discretionary function was designed to shield. The government contends that the manner in which DUSMs escort fully restrained federal prisoners is a matter where policy considerations dominate the discretionary decision-making left to the individual DUSMs.

The government relies on the affidavit of Anthony Gasaway, Chief Deputy U.S. Marshal for the United States Marshal Service, Western District of Missouri, to support its position. Mr. Gasaway states that the USMS has the responsibility to keep prisoners safe while awaiting court proceedings. They are governed by various federal statutes and regulations. Mr. Gasaway states that, "[n]one of these statutes or regulations prescribe a specific manner in which a . . . (DUSM) must restrain or escort a fully restrained prisoner or dictate that a DUSM is suppose to hold the belly/waist-chain of a fully restrained prisoner." [Affidavit of Anthony Gasaway, ¶ 3]. He also states that the USMS internal policy directive on restraining prisoners prescribes "which restraints must be applied but does not prescribe a specific manner in which a DUSM must escort a fully restrained prisoner or dictate that a DUSM is suppose to hold the belly/waist-chain of a fully restrained prisoner." [Aff., ¶ 4]. According to Mr. Gasaway, "[t]he precise manner in which a DUSM escorts a fully restrained prisoner is left to the discretion and judgment of each individual DUSM." [Aff. ¶ 5. "In exercising discretion in how to escort a fully restrained prisoner, including how close the DUSM is to the prisoner during escort and whether he holds the prisoner, the "DUSM must take into account potential security risks (e.g., attempted assault and escape), as well as the safety of the DUSM and others. In addition, manpower and economic issues also play a part in the decision-making process since prisoners may be escorted by only one DUSM in secure areas and

a decision as to the proximity of the DUSM and when to hold on to a prisoner's belly/waist-chain may require extra DUSMs to be in attendance." [Affidavit of Anthony Gasaway, ¶ 6, at 2]. It is the government's contention that these are the types of "social, economic, and political policy" that the discretionary function is designed to shield.

Having fully reviewed the positions of the parties and applicable case law on this issue, the Court finds that the government's position is well-taken, and that the motion to dismiss on this claim should be granted. Plaintiff contends that the actions of the DUSM in not assisting him is not the kind of judgment the discretionary function exception is designed to shield. He asserts that, on the specific facts of his case, namely his age and the need for a cane, the decision not to assist him simply involved the ministerial conduct of carrying out required duties in a reasonably safe manner. He contends that the DUSM's mandatory and statutory duty to safely transport him clearly overrides any other policy consideration, and that the knowledge of his need for a cane altered any possible discretionary choice by the DUSM.

It is the opinion of the Court, however, that based on applicable case law, the challenged conduct at issue is the type of discretionary function the exception has been carved out to shield. While the requirement of fully shackling a prisoner in the courthouse was mandatory, Mr. Gasaway's affidavit clearly indicates that the DUSMs had discretion regarding the manner in which fully restrained prisoners would be escorted. That discretion implicated social concerns regarding safety, assault, and escape, and economic concerns regarding the number of DUSMs necessary and available to escort a prisoner. The conduct of an individual DUSM regarding how close to follow or lead a prisoner, and whether or not to hold the belly/waist-chain involves an element of judgment or choice based on social, economic, and political policy decisions. This would include what

measures to take, if any, depending on the age or health status of a prisoner, with the same social, economic, and political considerations in mind. As such, the Court is under the opinion that this discretion is protected under the FTCA. Accordingly, the Court finds that defendant's motion to dismiss plaintiff's claim regarding the manner in which he was escorted in the courtroom must be granted.

## II. Roughly helped to feet claim and inadequate medical care by the USMS

Plaintiff asserts that he was roughly helped to his feet by USMS deputies in the courtroom, and that he was afforded inadequate medical care by the USMS while at the courthouse following his fall, for a period of several hours. It is defendant's position that plaintiff's claims regarding the manner in which he was helped up, and the delay in medical treatment while at the United States Courthouse are barred by the Prison Litigation Reform Act ("PLRA") Amendment to the FTCA. It is asserted that plaintiff does not allege any physical injury, but only mental injury or pain and suffering, which are not covered by the FTCA, under the PLRA. 28 U.S.C. § 1346(b)(2). Further, defendant points to federal law governing all federal inmates, which provides that a prisoner may not bring a civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). It is asserted that the effect of these provisions is to limit the waiver of sovereign immunity by the United States to cases where an inmate can establish a physical injury. Due to the fact that plaintiff has stipulated that the "rough help in getting to feet" claim and the "courthouse delay in medical treatment" claim do not involve any physical injury, much less a de minimis injury, defendants contend that these claims are not covered by the FTCA.

Plaintiff does not address these claims or the government's legal arguments in his response

8

to defendant's motion for dismissal or summary judgment. Having reviewed plaintiff's claims, the joint stipulations, and applicable case law, the Court agrees with the position of the government. In the Joint Stipulation, it is stated that, regarding how he was helped to his feet, "[a]lthough Plaintiff may claim some mental injury with regard to how he was helped up by the Deputy U.S. Marshals, he is not claiming in his lawsuit that these actions caused him to suffer any new injuries or aggravated the injury to his right shoulder or complicated the later medical treatment for the injury to his right shoulder." [Joint Stipulation, ¶ 10]. Additionally, regarding his claim that medical treatment was improperly delayed at the courthouse, it is stipulated that, "[a]lthough Plaintiff may allege some mental injury with regard to his treatment (or lack thereof) in the holding area and the Marshal's decision to not get him outside treatment before CCA picked him up from the Federal Courthouse, he is not claiming in his lawsuit that these actions caused him to suffer any new injuries or aggravated the injury to his right shoulder or complicated the later medical treatment for the injury to his right shoulder." [Joint Stipulation, ¶ 11].

It is apparent from the record that plaintiff has failed to satisfy the physical injury requirement set forth in 42 U.S.C. § 1997e(e) for his claims regarding roughly being helped to his feet and being delayed medical center while at the federal Courthouse. Because these claims are not subject to any waiver of sovereign immunity, they should therefore be dismissed.

### III. Delay in medical treatment by CCA

Defendant also contends that plaintiff's claim that his medical treatment was improperly delayed by the CCA is barred by the independent contractor exception to the FTCA.

According to the affidavit of Jessica Born, Associate General Counsel for the Office of General Counsel, USMS, the "USMS has entered into an agreement with the Corrections

Corporation of America (CCA) to house federal prisoners at the CCA's facility in Leavenworth, Kansas." [Declaration of Jessica Born]. This contract was effective during the time period at issue. Ms. Born states that "[u]nder this agreement, the CCA is an independent contractor and the USMS does not supervise or oversee the day-to-day operations at the local jail where the federal detainees are housed. CCA administrators are responsible for operating the jail facilities in accordance with their ongoing practices and procedures, including subsistence, care, sanitation, on-site medical care, and safekeeping of the prisoners at their facilities, including federal detainees housed at the facility." Id. She further states that, "CCA is a private business whose employees are not hired, fired, supervised, or paid by the federal government." Id.

Having fully reviewed the record and applicable case law, the Court concludes that dismissal is appropriate regarding plaintiff's complaints about the medical care he received at the CCA, which he contends he did not receive in a timely fashion. The FTCA requires that a personal injury must be caused by the negligent or wrongful act or omission of an employee of the federal government. The Act specifically excludes independent contractors as agents of the federal government. 26 U.S.C. § 2671. The negligence, if any, that plaintiff suffered, occurred at the CCA, which is managed by an independent contractor, and liability against the United States is therefore precluded. United States v. Orleans, 425 U.S. 807 (1975); Logue v. United States, 412 U.S. 521 (1973). Accordingly, defendant's motion to dismiss should be granted on this issue.

**IV. Conclusion**

The Court finds that plaintiff's claims are excepted from coverage under the FTCA and therefore are barred by sovereign immunity. Because the Court lacks subject matter jurisdiction over the negligence allegations asserted in this action, defendant's motion to dismiss must be granted.

For the foregoing reasons, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, it is therefore

ORDERED that defendant's Motion to Dismiss be granted.

/s/ James C. England<br>
JAMES C. ENGLAND, Chief<br>
United States Magistrate Judge

Date: 01/17/06