IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

DONALD JAMES ANSON,

        Plaintiff,

    v.                      07-CV-0035

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

### PRELIMINARY STATEMENT

Defendant, United States of America ("United States"), submits this memorandum in support of its motion to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In his amended complaint, plaintiff seeks to recover monetary damages, pursuant to the provisions of the Federal Tort Claims Act 28 U.S.C. § 1346(b) ("FTCA"), for injuries allegedly sustained when he was being transported by Deputy United States Marshals ("DUSMs"), from the Buffalo Federal Detention Facility ("BFDF") for a court appearance in Rochester, New York. (Amended Complaint, Doc. No. 21, p. 6). Dismissal of the amended complaint for lack of subject matter jurisdiction is warranted, as plaintiff's complaint is barred by the

1

discretionary function exception to the FTCA.  See 28 U.S.C. §
2680(a).

**SUMMARY OF RELEVANT FACTS**

On April 13, 2005, plaintiff Donald Anson ("Anson") alleges he slipped and fell when DUSMs transported him from the BFDF for a court appearance in Rochester, New York.[1]  (Doc. No. 21, p. 6, ¶ 1, p. 8, ¶ 11).  Plaintiff alleges that the DUSMs directed that he enter a Ford Expedition through the rear driver's side door to access the back or third row of seats. (Doc. No. 21, p. 6, ¶ 3, p. 7, ¶ 8).  At that time plaintiff was handcuffed to a waist chain and his ankles were shackled.  (Doc. No. 21, p. 7-8, ¶¶ 9-10).  As he was climbing over the folded down second row of seats, plaintiff alleges he caught his leg or chain on the folded seat causing him to trip and fall.  (Doc. No. 21, p. 8, ¶ 11). Plaintiff opines that he would not have tripped while handcuffed and shackled if the DUSMs had either decided to use the rear

---

[1] The history of the criminal prosecution is set forth in the U.S. District Court for the Western District of New York Criminal Docket for Case # 6:04-cr-06180 ("Cr. Doc.").  Anson was indicted on counts of possession of child pornography on December 7, 2004. (Cr. Doc. No. 16).  He was detained by the U.S. Marshal Service for the length of the criminal proceedings, until his conviction and sentencing on January 29, 2007.  (Cr. Doc. No. 159).  Anson began serving his sentence in the North East Ohio Correctional Center, and is currently an inmate at the Federal Correctional Institution in Loretto, Pennsylvania.

2

passenger side door, because plaintiff alleges the passenger middle seat slid forward, or if the DUSMs moved the middle seat forward on the driver's side. (Doc. No. 21, p. 7, ¶ 7, p. 8, ¶ 13). According to the plaintiff the DUSMs used the driver's side because of an alleged defect in the weather striping on the passenger side rear door. (Doc. No. 21, p. 6, ¶ 4, p. 8, ¶ 13).

## POINT I

### DISMISSAL OF THE COMPLAINT IS REQUIRED BASED ON LACK OF SUBJECT MATTER JURISDICTION

**A.  Motion to Dismiss Standard**

Under Fed. R. Civ. P. 12(b)(1), a court must dismiss a claim or party where it lacks jurisdiction. After "construing all ambiguities and drawing all inferences" in a plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it "lacks the statutory or constitutional power to adjudicate it." Aurecchione v. Schoolman Transp., 426 F.3d 635, 638 (2d Cir. 2005) (citations omitted). A court lacks jurisdiction to adjudicate a claim where Congress has not waived sovereign immunity. Hamm v. United States, 483 F.3d 135, 137 (2d Cir. 2007) ("The terms of [the United

3

State's] consent to be sued in any court define that court's jurisdiction to entertain the suit.").

"In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id. (quoting Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002)); see also, Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Affidavits and other materials may be considered to resolve jurisdictional questions. Narvaez v. United States, 2007 WL 174141 at *2 (E.D.N.Y. Jan. 19, 2007) (citing Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 n.6 (2d Cir. 2001) . "The consideration of such materials does not convert the motion to one for summary judgment." Hentnik v. United States, 2003 WL 22928648 at *3 (S.D.N.Y. Dec. 10, 2003).

The Court must accept all factual allegations in the complaint as true, but does not draw inferences in favor of the party asserting jurisdiction. Shipping Fin. Servs. Corp. V. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). Plaintiffs have the burden of establishing by a preponderance of the evidence that the Court has subject matter jurisdiction over a claim. Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003). For the reasons set forth below,

plaintiff cannot meet his burden and the complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**B. <u>Plaintiff's Claims are Barred by the Discretionary Function Exception to the FTCA</u>.**

It is well established that the United States cannot be sued without its consent and a consent to be sued is a "prerequisite for jurisdiction." <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983). Where the Government has not waived sovereign immunity or where plaintiff has not satisfied requisite conditions, subject matter jurisdiction does not exist. <u>United States v. Sherwood</u>, 312 U.S. 584, 586-87 (1941). Waivers of sovereign immunity are to be strictly construed in favor of the sovereign. <u>Morales v. United States</u>, 38 F.3d 659, 660 (2d Cir. 1994), <u>Akutowicz v. United States</u>, 859 F.2d 1122, 1125 (2d Cir. 1988).

In the FTCA, congress waived the United States' sovereign immunity as to claims for:

> injury or loss of property, or personal
> injury or death caused by the negligent or
> wrongful act or omission of any employee of
> the Government while acting within the scope
> of his office or employment, under
> circumstances where the United States, if a
> private person, would be liable to the

> claimant in accordance with the law of the
> place where the act or omission occurred.

28. U.S.C. § 1346(b)(1).

However, this waiver of sovereign immunity is limited and subject to several exceptions, including the discretionary function exception to the FTCA. <u>See</u>, 28 U.S.C. § 2680(a). The discretionary function exception provides that the waiver of the United States' sovereign immunity for negligent acts of its employees does not extend to:

> [a]ny claim based upon an act or omission of
> an employee of the Government, exercising due
> care, in the execution of a statute or
> regulation . . . or based upon the exercise
> or performance or the failure to exercise or
> perform a discretionary function or duty on
> the part of a federal agency or an employee
> of the Government whether or not the
> discretion involved be abused.

28 U.S.C. § 2680(a).

The purpose of the discretionary function exception is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic and political policy through the medium of an action in tort." <u>United States v. Gaubert</u>, 499 U.S. 315, 323 (1991) (quoting <u>United States v. Varig Airlines</u>, 467 U.S. 797, 814 (1984). If the discretionary exemption applies, the United States is shielded from suit even if it exercised discretion improperly.

6

28 U.S.C. § 2680(a); see also, Callahan v. United States, 329 F. Supp. 2d 404, 407 (S.D.N.Y. 2004) ("[T]he fact that discretion is exercised in a negligent manner does not make the discretionary function exception inapplicable.") (quoting In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 215 (2d Cir. 1987)).

In determining whether an action is barred by the discretionary function exception the court must engage in a two part inquiry. United States v. Gaubert, 499 U.S. at 322-23. First, the court must assess whether the nature of the challenged conduct involves "a matter of choice for the acting employee." Berkovitz v. United States, 486 U.S. 531, 536 (1988). If a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," the discretionary function exception is inapplicable. Id.; Dalehite v. United States, 346 U.S. 15, 34 (1953); see also, Gaubert, 499 U.S. at 324 (if there is no room for choice and the action is contrary to policy the discretionary function exception does not apply).

Where conduct involves a degree of choice, the second consideration is whether the judgment exercised "is of the kind that the discretionary function exception was designed to shield." Gaubert, 499 U.S. at 322-23. Actions and decisions related to public policy concerns fall within the discretionary

function exception.  Id.  The "focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis."  Id. at 325.

Gaubert made clear that the discretionary function exception is not confined to conduct at the planning or policy level, but applies to day to day decisions made on an operational level as to which of a range of permissible courses is the wisest. Vaizburd v. United States, 90 F. Supp. 2d 210 (E.D.N.Y. 2000) (citing Gaubert 499 U.S. at 326).

> [w]hen established governmental policy, as expressed or implied by statute, regulation or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion."

Gaubert, 499 U.S. at 324.

Here, plaintiff's claims, that the DUSMs were negligent in directing plaintiff to enter or exit a vehicle from the driver versus the passenger side rear door, and that the DUSMs were otherwise negligent in failing to assist plaintiff while he was handcuffed and shackled, are barred by the discretionary function exception to the FTCA.  As set forth in the Declaration of John

8

D. Palillo, Jr., the Chief Deputy U.S. Marshal for the United States Marshal Service ("USMS"), Western District of New York, the USMS is responsible for the "safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution. 18 U.S.C. § 4086; 28 C.F.R. § 0.111(j). (See Palillo Declaration, ¶ 2). USMS regulations, however, do not mandate or set forth any non-discretionary course of conduct with respect to the precise manner in which prisoners are led to and from transport vehicles. Id. at ¶¶ 3-5. The precise manner in which a DUSM escorts restrained prisoners is left to the discretion and judgment of each individual DUSM. Id. at ¶ 5. Moreover, Chief DUSM Palillo recites that the policy issues which DUSMs must take into account in determining how to transport and escort prisoners include: assessing security risks such as attempted assault and escape; the safety of the DUSM and others; the manpower available; and economic considerations involved with prisoner transport. Id. at ¶ 6.

Consistent with the representations of Chief DUSM Palillo, courts which have specifically addressed claims arising from USMS transport or escort of prisoners have concluded that such claims are barred by the discretionary function exception. In Porrello v. United States, Case No. 04-3269-CV-S-JCE (W.D. Mo. Jan. 17,

9

2006), a 78 year old fully shackled prisoner alleged that he was caused to trip and fall because the DUSM failed to properly hold a belly chain, assist, or otherwise provide a cane for use, while the prisoner was being escorted into a federal courtroom. (See p. 2 of the Order entered in Porrello, a copy of which is annexed hereto). The United States District Court for the Western District of Missouri ruled that although mandatory requirements existed that prisoners be fully shackled in the courthouse, the manner in which fully restrained prisoners are escorted remained within the discretion of the DUSM. Id. at 7; see also, USMS Directive 9.4 "Restraining Devices," annexed to Palillo Declaration. In addition, the court found that social and policy concerns, similar to those articulated by Chief DUSM Palillo, were implicated in the exercise of the DUSM's discretion, and were of the type that the discretionary function exception had been designed to shield. Id.

Similarly, in MacCaffray v. United States, 1998 WL 560047 (D. Vt. Aug. 27,1998), the court held that the discretionary function exception barred a prisoner's claim that he sustained injuries because the vehicle in which the he was transported by the USMS was not equipped with seat belts. In the absence of a governing statue, regulation, or USMS policy, the court held that the decision of the USMS for the District of Vermont not to

install seat belts for prisoners in its transport vehicles was a "clear exercise of its judgment". Id. at *3.

Other cases involving prisoners, although not specifically addressing the issue of escort or transport by the USMS, support the applicability of the discretionary function to the facts of this case. See Paulino-Duarte v. United States, 2003 WL 22533401 (S.D.N.Y. Nov. 7, 2003) (prisoner's negligence claim arising from the fall from a top bunk was barred by the discretionary function exception. Decisions as to whether to place a rail on the bunk, or as to which bunk a prisoner is assigned, are discretionary. No statute or regulation governed the Federal Bureau of Prisons ("BOP") decision, which was subject to policy analysis.); Ellis v. United States, 2004 WL 880394 at *4 (S.D.N.Y. Apr. 26, 2004) aff'd, 134 Fed. Appx. 483 (2d Cir. Jun. 20, 2005) (claim that BOP officials were negligent in allowing unauthorized inmates to enter plaintiff's housing unit resulting in an assault was barred by the discretionary function exception. Plaintiff could not establish the existence of a non-discretionary prison policy prohibiting inmates from entering housing units to which they were not assigned.).[2]

---

[2] But see, Coulthurst v. United States, 214 F.3d 106 (2d Cir. 2000). In Coulthurst the court found that the discretionary function exception did not bar a prisoner's claim that he was injured when a cable snapped on a weight machine where it was alleged the BOP failed to diligently and periodically inspect the

Finally, as articulated in MacCaffray, the manner in which prisoners are transported is the kind of decision best left to the discretion of those with special expertise in such matters and is the kind of choice which should not be judicially second-guessed. Thus, plaintiff's claim is barred by the discretionary function exception to the FTCA and must be dismissed for lack of subject matter jurisdiction.[3]

---

cable. Coulthurst is distinguishable from the present case, because irrespective or whether the weatherstriping on the transport vehicle was defective, as plaintiff alleges, the DUSMs were always vested with discretion as to what door to utilize for prisoners to enter and exit a transport vehicle. Moreover, Coulthurst did not involve substantial policy considerations, including the safety of the public and officers, inherent in the escort and transport of prisoners.

[3] This Court would also lack jurisdiction over plaintiff's amended complaint, as it seeks $125,000 in damages, an amount in excess of plaintiff's administrative claim. Pursuant to 28 U.S.C. § 2675(b), an action may not be instituted for any sum in excess of the administrative claim.

CONCLUSION

Based on the above, as well as the Declaration of Chief DUSM Palillo, it is respectfully requested that plaintiff's amended complaint be dismissed in its entirety.

**Dated**: Buffalo, New York, September 20, 2007.

                        TERRANCE P. FLYNN
                        UNITED STATES ATTORNEY

                        *S/LYNN S. EDELMAN*
BY:   _____
                        LYNN S. EDELMAN
                        Assistant U.S. Attorney
                        U.S. Attorney's Office
                        Western District of New York
                        138 Delaware Avenue
                        Buffalo, New York 14202
                        (716)843-5821
                        Lynn.Edelman@usdoj.gov

To: Donald James Anson

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

DONALD JAMES ANSON,

        Plaintiff,

  v.                            07-CV-0035

UNITED STATES OF AMERICA,

        Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2007, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** with the Clerk of the District Court using its CM/ECF system.

I hereby further certify that on September 20, 2007, I also mailed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**, by placing said copy in a post paid envelope addressed to the person hereinafter named, at a place stated below, which is the last known address, in an official depository under the exclusive care and custody of the United States Postal Service.

**ADDRESSEE**
Donald James Anson
#12332-055
FCI Loretto
Unit E
Box 1000
Loretto, PA 15940

                                          *S/SHARON T. BECK*

                                          SHARON T. BECK