CASE 1:07-CV-00035-RJA-HKS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK


DONALD JAMES ANSON

    PLAINTIFF

  V.                    07-CV-0035

~~UNITED STATES OF AMERICA~~

    DEFENDANTS

[STAMP: UNITED STATES DISTRICT COURT FILED OCT 27 2008 RODNEY C. EARLY, CLERK, WESTERN DISTRICT OF NY]

NOTICE OF MOTION AND MOTION FOR THE
REQUEST FOR APPOINTMENT OF COUNSEL


PLEASE TAKE NOTICE THAT DONALD JAMES ANSON, THE PLAINTIFF, HEREBY MOVES FOR THE APPOINTMENT OF COUNSEL, UNDER 28 U.S.C.R. §1915, FOR THE ABOVE CAPTIONED CASE, BASED ON THE FACTS AND REASONS PRESENTED IN THE ATTACHED BRIEF

Case 1:07-CV-00035-RJA-HKS

In the United States District Court
For the Western District of New York

Donald James Anson
        Plaintiff        07-CV-0035
  V.
United States of America

Motion For Appointment of Counsel
— Brief —

The Plaintiff, Donald James Anson, respectfully asks, moves, the Court to consider the appointment of counsel under 28 U.S.C.A. §1915. While the Plaintiff understands that such an appointment, in a civil case such as this, is not a "right" but is done so only at the discretion of the Court, Plaintiff offers the following facts and reasons for the Courts consideration.

The Plaintiff would ask the Court to make its decision with the case of Hodge v. Police Officer 802 F.2d 58 (2nd Cir. 1986) in mind.

Hodge stated, "A Court must exercise its discretion with sound legal principles... See Albemarle Paper Co. v Moody, 422 U.S. 405, 416, 95 S.Ct 2362, 2370, 45 L.Ed.2d 280 (1975); Jenkins v. Chemical Bank, 721 F.2d 876, 879 (1983).

FOLLOWING CRITERION;

(1) "AS A THRESHOLD MATTER ... THE DISTRICT COURT MUST CONSIDER THE MERITS OF THE INDIGENTS CLAIM" 650 F.2d AT 887 CITING MILLER v PLEASURE 296 F.2d 283 HODGE AT 60.

IN THE PRESENT CASE, PLAINTIFF CLAIMED THAT CERTAIN ACTIONS AND ORDERS GIVEN BY U.S. MARSHALS CAUSED PLAINTIFF TO FALL AND INJURE HIMSELF, THUS BRINGING THIS ACTION. (SEE DOC. 21 AMENDED COMPLAINT) THE DEFENDANTS, THOUGH THEY HAVE FILED A MOTION TO DISMISS (DOC 23) HAVE NOT CHALENGED THE FACTS AS STATED IN THE COMPLAINT AS TO THE CAUSE OF THE INJURY, NOR THE EXISTANCE OF THE INJURY. INSTEAD THEY SAY ACTIONS, AS STATED IN THE COMPLAINT, WERE NOT ACTIONABLE DUE TO THE `DISCRETIONARY FUNCTION EXCEPTION (28 U.S.C. § 2680(a)), AN AFFRIMATE DE-FENSE.

TO GO BEYOND THE INFORMATION CONTAINED IN THE COMPLAINT WOULD BRING THE ISSUE TO THE SECOND CRITERION (SEE BELOW)

(2) "ONE SUCH CONSIDERATION IS THE NATURE OF THE FACTUAL ISSUES THE CASE CLAIM PRESENTS" HODGE AT 61, OFFERING " AN INDIGENT PRISONER [SUCH AS PLAINTIFF] BRINGING SUCH A CASE WOULD BE UN-ABLE TO CONDUCT THE INVESTIGATION; THESE CIRCUMSTANCES WOULD MILITATE TOWARD APPOINTING COUNSEL." MACLIN 650 F.2d AT 888 (CITING PETERSON

ALL REQUESTS TO THE U.S. MARSHAL'S OFFICE[S] HAVE BEEN IGNORED.

"THE MACLIN COURT ALSO FELT THAT IF A CASE'S FACTUAL ISSUES TURN ON CREDIBILITY, THIS SHOULD WEIGH ON THE SIDE OF APPOINTING COUNSEL SINCE 'IT IS MORE LIKELY THAT THE TRUTH WILL BE EXPOSED WHERE BOTH SIDES ARE REPRESENTED BY THOSE TRAINED IN PRESENTATION OF EVIDENCE AND IN CROSS-EXAMINATION' 650 F.2d AT 888 CITING MANNING V. LOCKHART 623 F.2d 536 (8th CIR 1980)" HODGE AT 61.

THE INSTANT CASE MAY WELL INVOLVE THE TYPE OF MEDICAL TESTIMONY THAT WOULD NEED AN EXPERIENCED ATTORNEY TO PRESENT AND DIRECT.

(3) THE THIRD FACTOR "CITED BY THE MACLIN COURT IS THE PLAINTIFF'S APPARENT ABILITY TO PRESENT THE CASE 650 F.2d AT 888 AS ARTICULATED IN GORDON V. LEEKE, 574 F.2d 1147 (4th CIR 1978).

I AM TOTALY NEW TO THIS PROCEEDURE.

(4) THE FINAL FACTOR FROM THE MACLIN COURT WAS "... FOR OBVIOUS REASONS, THAT THE TRIAL JUDGE SHOULD BE MORE INCLINED TO APPOINT COUNSEL IF THE LEGAL ISSUES ARE COMPLEX. 650 F.2d AT 888-89" HODGE AT 61.

TO THE PLAINTIFF, EVEN THE ISSUE OF THE DISCRETIONARY FUNCTION EXCEPTION IS COMPLEX AND DIFFICULT TO UNDERSTAND.

LASTLY PLAINTIFF WOULD ASK THE COURT TO CONSIDER WOULD BE THE FACT THAT NOT ONLY

ALL REQUESTS TO THE U.S. MARSHAL'S OFFICE[S] HAVE BEEN IGNORED.

"THE <u>MACLIN</u> COURT ALSO FELT THAT IF A CASE'S FACTUAL ISSUES TURN ON CREDIBILITY, THIS SHOULD WEIGH ON THE SIDE OF APPOINTING COUNSEL SINCE 'IT IS MORE LIKELY THAT THE TRUTH WILL BE EXPOSED WHERE BOTH SIDES ARE REPRESENTED BY THOSE ~~TRAINED~~ IN PRESENTATION OF EVIDENCE EXAMINATION' <u>650 F.2d AT 888</u> CITING <u>MANNING V. LOCKHART, 623 F.2d 536 (8th CIR 1980)</u>" <u>HODGE AT 61</u>.

THE INSTANT CASE MAY WELL INVOLVE THE TYPE OF MEDICAL TESTIMONY THAT WOULD NEED AN EXPERIENCED ATTORNEY TO PRESENT AND DIRECT.

(3) THE THIRD FACTOR "CITED BY THE <u>MACLIN</u> COURT IS THE PLAINTIFF'S APPARENT ABILITY TO PRESENT THE CASE <u>650 F.2d AT 888</u> AS ARTICULATED IN <u>GORDON V. LEEKE, 574 F.2d 1147 (4th CIR 1978)</u>.

I AM TOTALY NEW TO THIS PROCEEDURE.

(4) THE FINAL FACTOR FROM THE <u>MACLIN</u> COURT WAS "... FOR OBVIOUS REASONS, THAT THE TRIAL JUDGE SHOULD BE MORE INCLINED TO APPOINT COUNSEL IF THE LEGAL ISSUES ARE COMPLEX. <u>650 F.2d AT 888-89</u>" <u>HODGE AT 61</u>.

TO THE PLAINTIFF, EVEN THE ISSUE OF THE DISCRETIONARY FUNCTION EXCEPTION IS COMPLEX AND DIFFICULT TO UNDERSTAND.

LASTLY PLAINTIFF WOULD ASK THE COURT TO

## CERTIFICATE OF SERVICE

I certify that on ___Oct. 23rd___, 2008, I mailed a copy of this brief and all attachments via first class mail, to the following parties at the address(es) listed below: (.84)

CLERK OF THE COURT
U.S. FEDERAL COURTHOUSE
68 COURT STREET
BUFFALO, NEW YORK 14202

TERRANCE FLYNN/CHRISTOPHER TAFFE
UNITED STATES ATTORNEY
620 FEDERAL BUILDING
100 STATE STREET
ROCHESTER, NEW YORK 14614

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

I certify that this document was ~~given to~~ PLACED IN prison ~~officials~~ MAILBOX on this 23rd day of ___Oct.___, 2008, for forwarding to the ___U.S. District___ Court for the ___Western District of New York___. I certify under the penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Dated this 23rd day of ___Oct.___, 2008.

_Donald J. Flynn_
(Signature)

Reg. # _12332-055_
Box 1000
Loretto, PA 15940