IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

DONALD JAMES ANSON,

                    Plaintiff,

          v                                    07-CV-00035 A(S)

UNITED STATES OF AMERICA,

                    Defendant.

_____

**<u>AMENDED ANSWER</u>**


     The defendant, United States of America, by and through its
attorney, Kathleen M. Mehltretter, United States Attorney for the
Western District of New York, Kevin D. Robinson, Assistant United
States Attorney, of counsel, hereby answers the plaintiff's Second
Amended Complaint filed on September 6, 2007, as follows:

     1.   Under the section entitled, **Caption of Action**, the
defendant admits the allegations contained in paragraphs 1A and 1B
of the complaint.

     2.   With respect to paragraph 2, **Statement of Jurisdiction**,
the defendant admits as to the plaintiff's information and states
that the only proper party in an action pursuant to 28 USC 1346 is
the United States.

     3.   With respect to paragraph 3 of the complaint, **Parties to
This Action**, the defendant lacks sufficient information to form a
belief as to the truth of the allegation contained therein.  To the

extent that an answer is required, the defendant denies this allegation.

4.    With respect to paragraph 4 of the complaint, **Previous Lawsuits in State and Federal Court**, the defendant admits as to paragraph 4A.  As to paragraph 4B, the defendant lacks sufficient information sufficient to form a belief as to the truth of the matter contained therein, and to the extent that an answer is required, the Defendant denies this allegation.

5.    With respect to paragraph 5, **Statement of Claim**, defendant generally admits that the plaintiff has alleged that an injury occurred during the course of his being transported by the United States Marshals Service on April 13, 2005, and enters a general denial as to the remainder of the allegations contained in this paragraph.

6.    The final paragraphs which are detailed under the section entitled **"Exhausting Administrative Remedies"** and numbered 1 through 23**,** contain the plaintiff's prayer for relief statement regarding jurisdiction and exhaustion of remedies.

A.    With respect to paragraphs 1 thru 7 and 15 thru 18, the defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.  To the extent that an answer is required, the Defendant denies those allegation.

2

B.   With respect to paragraphs 8 thru 14 and 19 thru 23,
these allegations state conclusions of law rather than
averments of fact, and contain characteristics and
argumentations of the facts and issues in this matter,
and therefor requires neither admission nor denial;
however, to the extent that a response is required, the
defendant denies those allegations contained therein.


7.   The United States denies each and every allegation not
previously admitted or otherwise qualified.


### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be
granted.


### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any damages sustained by the plaintiff were caused by the
culpable conduct of that plaintiff, including contributory
negligence and/or assumption of risk, and not by the culpable
conduct or negligence of the answering defendant.


### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If all or part of the injuries and/or damages alleged by the
plaintiff in the complaint were proximately caused by negligence
other than the plaintiffs, then such negligence was the intervening

or superceding act of an independent contractor and not an employee or agent of the United States.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

In the event the plaintiff is claiming any past, present or future loss, cost or expense which was or will be replaced or indemnified, in whole or in part, from any collateral source, any award to the plaintiff must be reduced by the amount of such collateral payments.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Pursuant to Title 28, United States Code, Section 2402, the plaintiff is not entitled to a jury trial.

WHEREFORE, the defendant demands judgment dismissing the complaint and for whatever further relief the Court may deem just and proper, including fees and cost.

Dated:     October 15, 2009, Buffalo, New York.

                    KATHLEEN M. MEHLTRETTER
                    United States Attorney

              BY:  s/KEVIN D. ROBINSON
                    Assistant United States Attorney
                    United States Attorney's Office
                    Western District of New York
                    138 Delaware Avenue
                    Buffalo, New York 14202
                    (716) 843-5700 ext. 5804
                    Kevin.D.Robinson@usdoj.gov