UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF NEW YORK

ORIGINAL
COPY TO A.U.S.A.

DONALD JAMES ANSON
          PLAINTIFF

V.

UNITED STATES OF AMERICA
          DEFENDANT

DOCKET # 07-CV-00035



UNITED STATES DISTRICT COURT
FILED
JAN 22 2010
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

## NOTICE TO PRODUCE

THE PLAINTIFF, DONALD ANSON, HEREBY REQUESTS, PURSUANT TO RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE, THAT THE DEFENDANTS PRODUCE THE THINGS HEREINAFTER DESCRIBED WITHIN THIRTY (30) DAYS FOLLOWING RECEIPT HEREOF, AND SEND COPIES TO THE PLAINTIFF, DUE TO HIS INCARCERATION, AT THE ADDRESS PROVIDED HEREIN.

PLEASE TAKE NOTICE THAT THIS IS A CONTINUING REQUEST FOR PRODUCTION REQUIRING SUPPLEMENTATION AND CORRECTION AS NEW MATERIAL COMES INTO CUSTODY OR CONTROL OF THE DEFENDANTS, HIS SERVANTS, AGENTS OR EMPLOYEES.

1) THE NAMES, ADDRESSES, AND PHONE NUMBERS OF ALL DETAINEES TRANSPORTED FROM BUFFALO FEDERAL DETENTION FACILITY (B.F.D.F.) IN BATAVIA N.Y. TO ROCHESTER, N.Y. ON 4/13/05 (DATE PLAINTIFF CLAIMS) AND 4/14/05 (DATE DEFENDANTS CLAIM). THESE PEOPLE WOULD BE WITNESSES TO THE ACTIONS AND CONDITIONS SURROUNDING THE INCIDENT.

2) THE ADDRESSES AND PHONE NUMBERS OF DEPUTY MARSHALS, DAVID L. SAY JR., PAUL L. NIELSEN JR., AND CHRISTOPHER PFOHL. EACH HAS CLAIMED TO HAVE BEEN PRESENT, AND WOULD BE WITNESSES TO THE INCIDENT AS WELL AS THE INVESTIGATION WHICH FOLLOWED.

3) A COPY OF THE VEHICLE REGISTRATION FOR THE VEHICLE USED TO TRANSPORT THE PLAINTIFF WITH THE 'VIN' NUMBER VISABLE. THE 'VIN' NUMBER WILL IDENTIFY THE VEHICLE IN WHICH THE INCIDENT OCCURED AND CAN ALSO BE

USED TO ESTABLISH WHICH OPTIONS WERE INSTALLED ON THE VEHICLE, SPECIFICLY THE 'E-Z ENTRY' OR FOLD FLAT SEAT.

3) ANY AND ALL MAINTENANCE RECORDS, REPAIR LOGS, TRAVEL LOGS, REPAIR RECEIPTS AND BILLS, FOR THE VEHICLE, AS WELL AS ANY DOCUMENTS DISCUSSING THE VEHICLE. THIS WOULD BE TO SHOW THE CONDITION, AND ANY REPORTED PROBLEMS, FOR THE VEHICLE. SAID RECORDS TO BE FOR THE ENTIRE LIFE OF THE VEHICLE.

4) ANY PHOTOS OF THE VEHICLE DURING ITS SERVICE WITH THE U.S. MARSHAL SERVICE.

5) ANY PHOTOS, DRAWINGS, BLUE PRINTS, VIDEO, ECT OF THE INSIDE OF THE GARAGE AT B.F.D.F. IN BATAVIA, N.Y. WHERE THE INCIDENT OCCURED. TO SHOW CONDITIONS, DEMENSIONS, LAYOUT, ECT OF WHERE THE INCIDENT OCCURED

6) THE B.F.D.F. DAILY LOG BOOKS, KEPT BY THE POD OFFICERS FOR THE DATES OF 4/13/05 AND 4/14/05, FOR THE POD'S; C-1, C-2, C-3, B-1, B-2, A-1, SHU. THESE LOG BOOKS WOULD INDICATE WHICH DETAINEES LEFT THE PODS TO GO TO PROCESSING FOR TRANSPORT TO COURT. THIS WILL ESTABLISH WHO WAS TRANSPORTED ON THOSE DAYS, AND ALSO SHOW WHICH INMATES MAY BE WITNESSES.

7) THE B.F.D.F. LOG BOOK FOR PROCESSING, FOR THE DATES OF 4/13/05 AND 4/14/05. THESE WOULD SHOW WHO WAS TRANSPORTED TO WHICH COURT, BY WHICH MARSHALS, AND WOULD IDENTIFY POSSIBLE WITNESSES. IT WOULD ALSO BE USEFULL TO EITHER PROVE OR DISPROVE PORTIONS OF TESTIMONY WHICH WILL BE AN IMPORTANT PART OF ESTABLISHING CREDIBILITY.

8) ANY AND ALL REPORTS, MEMOS, CLAIM FORMS, ECT MADE IN CONNECTION TO THIS INCIDENT BY THE UNITED STATES MARSHAL SERVICE, I.C.E. OR OTHER GOVERNMENT AGENCY OR EMPLOYEE.

9) ANY AND ALL POLICIES, TRAINING MATERIAL, B.F.D.F. FACILITY POLICIES, FOR THE U.S. MARSHALS AND B.F.D.F. STAFF DEALING WITH THE

PROCEDURES FOR REPORTING AND DOCUMENTING AN ACCIDENT THAT DOES, OR MAY, INVOLVE A PERSONAL INJURY TO AN INMATE OR DETAINEE IN THE CUSTODY AND CARE OF THE U.S. MARSHAL SERVICE OR B.F.D.F.. THIS WILL HELP SHOW WHETHER EXISTING POLICY OR TRAINING WAS FOLLOWED, AND MAY HELP ESTABLISH CREDIBILITY.

10) THE NAMES, ADDRESSES, AND PHONE NUMBERS OF THE B.F.D.F. STAFF WHO WERE WORKING IN PROCESSING ON THE DATES OF 4/13/05 AND 4/14/05, BETWEEN 5:00 PM AND 8:00 PM. THIS WILL HELP DETERMINE IF THE STAFF WAS TOLD OF THE INCIDENT AND HELP ESTABLISH CREDIBILITY.

11) ANY AND ALL POLICIES, TRAINING MATERIAL, DIRECTIVES, MEMOS, ECT. THAT DEAL WITH THE ISSUE OF "USE OF AVAILABLE SAFTY FEATURES AND OR DEVICES, FOR THE U.S. MARSHAL SERVICE AND ITS EMPLOYEES AND OR TRAINEES. TO ESTABLISH IF THE ACTIONS OF DEFENDANT'S CONFORMED TO TRAINING, POLICY, ECT. OR NOT.

THE PLAINTIFF SEEKS THE ABOVE TO ESTABLISH THE FACTS AND ACTIONS SURROUNDING THE INCIDENT AT ISSUE, AND TO ALLOW FOR A FAIR PROCEEDING. THE PLAINTIFF DOES NOT BELIEVE THAT THESE REQUESTS ARE OVERLY BROAD, NOR ARE THEY LACKING IN RELIVANCY.

DATED                                                    Donald / A

PLEASE SEND THE REQUESTED MATERIAL TO THE PLAINTIFF
AT:   DONALD ANSON 12332-055
      F.C.I. LORETTO
      P.O. BOX 1000
      LORETTO, PA 15940
AS HE IS INCARCERATED, AND FORCING HIM TO TRAVEL TO VIEW THE MATERIAL WOULD CAUSE UNDO HARDSHIP AND EXPENSE

# CERTIFICATE OF SERVICE

I certify that on January 21, 2000, I mailed a copy of ~~this brief~~ THE ITEMS LISTED and all attachments via first class mail, to the following parties at the address(es) listed below:

NOTICE TO PRODUCE
~~ANSWER TO DEFENDANTS~~

CLERK OF THE COURT
U.S. FEDERAL COURTHOUSE
68 COURT STREET
BUFFALO, N.Y. 14202

+

ASST. U.S. ATTORNEY
KEVIN D. ROBINSON
U.S. ATTORNEY'S OFFICE
138 DELAWARE AVE.
BUFFALO, N.Y. 14202

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

I certify that this document was given to prison officials on this 21st day of January, 2000, for forwarding to the U.S. DISTRICT Court for the WESTERN DISTRICT OF NEW YORK. I certify under the penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Dated this 21st day of January, 2000.

(Signature) Donald Anson
Reg. # 12332-055
Box 1000
Loretto, PA 15940