| | |
|---|---|
| DONALD JAMES ANSON<br>PLAINTIFF<br><br>V.<br><br>UNITED STATES OF AMERICA<br>DEFENDANT | DOCKET # 1:07-CV-00035 |

## MOTION IN OBJECTION TO DEFENDANT'S 'NOTICE TO PRODUCE' AND REQUEST FOR SANCTIONS

THE DEFENDANTS SENT TO THE PLAINTIFF A 'NOTICE TO PRODUCE', DATED 1/11/10, WHICH MADE REQUESTS IN (3) THREE AREAS NUMBERED 1, 2, AND 3.

THE PLAINTIFF OBJECTS TO NUMBERS 1. AND 2. FOR THE REASONS LISTED BELOW, AND COMPLIES AS BEST HE CAN NUMBER 3.

WITH REGARD TO NUMBER 1., WHICH STATES IN PART.
"COPIES OF ALL STATEMENTS, SIGNED OR OTHER WISE, OF THE UNITED STATES OF AMERICA, INCLUDING ..."
THIS REQUEST FLIES IN THE FACE OF CIV. R. OF PROC. 34 (b) (1) (A)'S REQUIREMENT OF "REASONABLE PARTICULARITY". THE DEFENDANTS PLACE NO LIMITS ON THE STATEMENTS THEY REQUEST. HOW CAN THE PLAINTIFF POSSIBLY PRODUCE "ALL STATEMENTS" MADE BY THE UNITED STATES OF AMERICA?

FURTHER THE DEFENDANTS OFFERED ABSOLUTELY NOTHING TO SHOW ANY RELEVANCY OF "ALL STATEMENTS", TO THIS CASE. SEE HERBST V. ABLE (1972, S.D.N.Y.) 63 FRD 135, CCH FED SECUR. L. REP. ¶ 93478, (REQUESTER MUST "SHOW THAT DOCUMENTS ARE RELEVANT TO SUBJECT MATTER INVOLVED IN PENDING ACTION"). ALSO MALLINCKRODT CHEMICAL WORKS V. GOLDMAN SACHS + Co. (1973, SDNY) 58 FRD 348, CCH FED. 348, CCH FED. SECUR L. REP. ¶ 93793, 16 FR (DEMAND FOR DOCUMENTS MUST SATISFY REQUIREMENTS OF RELEVANCE UNDER RULE 26 (b)(1) AS INCORPORATED BY REFERENCE IN RULE 34 (a)).

ADDITIONALLY, THE DEFENDANTS DO NOT IN ANY WAY SHOW

THAT ANY PARTICULAR DOCUMENT EXISTS. SEE CONDRY V. BUCKEYE
S.S. CO. (1945, D.C. PA.) 4 FRD 310 ("UNTIL EXISTENCE OF DOCUMENTS
ASKED FOR IS ESTABLISHED AND THEIR MATERIALITY ESTABLISHED,
THERE CAN BE NO ORDER TO PRODUCE THEM UNDER THIS RULE").

SINCE THE DEFENDANT'S REQUEST IN NUMBER 1. IS SO
OVERBROAD (SEE UNITED STATES V. INTERNATIONAL BUSINESS MACHINES
CORP. (1976, S.D.N.Y.) 72 FRD 78, 1976-2 CCH TRADE CASES 9l 61060. 24
FR. SERV. 2d 1156), NO RELEVANCY OR MATERIALITY WAS SHOWN,
AND THE EXISTANCE OF ANY PARTICULAR DOCUMENT WAS MADE,
THE PLAINTIFF CAN NOT COMPLY AND OBJECTS TO THE REQUEST.

THE PLAINTIFF ALSO ASKS THE COURT TO SEE THIS REQUEST
FOR WHAT IT IS, AN ATTEMPT TO HARASS THE PLAINTIFF AND
TO OVER TAX WHAT MEGER FINANCES HE HAS ACCESS TO (5.25
A MONTH) WITH FRIVALOUS AND UNREASONABLE PROCEEDINGS
WHICH WASTE THE PLAINTIFF'S, AND COURT'S, TIME AND
RESOURCES. WITH THE EXPERIENCE AND KNOWLEDGE OF
THE U.S. ATTORNEY'S OFFICE (DEFENSE COUNSEL) SUCH AN
UNFULLFILLABLE REQUEST CAN BE NOTHING BUT A 'BAD
FAITH' ABUSE OF THE LEGAL SYSTEM. THE PLAINTIFF THERE-
FORE ASKS THE COURT TO SANCTION THE DEFENDANTS AND
REIMBURSE PLAINTIFF FOR COPY COSTS, POSTAGE AND HIS
TIME, AS WELL AS THE COURT'S TIME.

WITH REGARD TO REQUEST, NUMBERED 2. THE
PLAINTIFF RAISES THE SAME OBJECTIONS AS TO NUMBER 1.
HOW COULD THE DOCTOR'S NAME, WHO REMOVED THE PLAIN-
TIFFS TONSILS OVER 40 YEARS AGO BE MATERIAL TO THIS
CASE? YET THE DEFENDANTS EXPECT THE PLAINTIFF, WHO
IS INCARCERATED TO PROVIDE, "COPIES OF ALL EXISTING
AND FUTURE REPORTS AND RECORDS OF ALL PHYSICIANS
AND OR HEALTH CARE PROVIDERS WHO TREATED OR
EXAMINED PLAINTIFF PRIOR TO THE DATE OF THE
INCIDENT ALLEGED IN THE COMPLAINT. THIS TIME
FRAME INCLUDES PRIOR TO THE PLAINTIFF'S BEING
INCARCERATED" ('NOTICE TO PRODUCE' PAGE 2 PARG 2).

THIS IS AN IMPOSSIBLE REQUEST WHICH CLEARLY WAS NOT
INTENDED TO BE RELEVANT TO THIS CASE BUT WAS AN
ATTEMPT TO INTIMADATE THE PLAINTIFF BY MAKING
HIM THINK HE WOULD BE FACED BY AN IMPOSSIBLE TASK
OR BE IN DEFALT DEFAULT ON HIS CASE. THE DEFEND-
ANTS SHOULD BE AWARE OF PLAINTIFF'S FINANCIAL, AS
WELL AS INVESTIGATIONAL, ASSETS FROM THE PRIOR PLEAD-
INGS IN THIS CASE, YET ATTEMPT TO FORCE HIM INTO
AN EXPENSIVE AND ULTIMATLY IMPOSSIBLE TASK, HOPING
THAT HE WILL, DUE TO LACK OF KNOWLEDGE AND EX-
PERIENCE, TRY TO FULLFILL THIS TASK AND UPON FAILURE
WITHDRAW HIS CLAIM BECAUSE HE JUST CAN NOT CONTINUE
THE FIGHT ANY FURTHER. THIS IS A CASE OF BULLYING,
PLAIN AND SIMPLE. PLAINTIFF ASKS THE COURT TO REALIZE
THIS AND ACT APPROPRIATELY.

WITH REGARD TO NUMBER 3. PLAINTIFF ATTACHES
THE ONLY 'PICTURE' HE HAS SO FAR AQUIRED AND WILL
'POSTAGE PERMITTING' SEND TO DEFENDANTS ANY SUCH
PICTURES HE CAN AQUIRE.

THE PLAINTIFF THEREFORE OBJECTS TO REQUESTS
NUMBERED 1. AND 2. AND WILL TRY TO COMPLY WITH
NUMBER 3.

THE PLAINTIFF ALSO ASKS THE COURT TO SANCTION
THE DEFENDANTS FOR THEIR MISS-USE OF THE LEGAL
SYSTEM.

LASTLY THE PLAINTIFF ASKS THE COURT TO CONSIDER
THE 'NOTICE TO PRODUCE' AND THIS REPLY IN ITS CONSIDER-
ATION OF THE 'MOTION TO APPOINT COUNSEL' WRITTEN PRIOR
TO PLAINTIFF'S RECEIPT OF THE 'NOTICE TO PRODUCE' AND
INCLUDED IN THE SAME MAILING

1/25/10 →

DATED 1/14/10



A0038962

**Vehicles with E-Z entry or fold flat seats**

5. ⚠ **CAUTION: Do not damage the anti-chuck hook while removing or storing the 40% E-Z entry seat. The weight of the seat should never rest on the anti-chuck hook, as damage to the hook may occur.**

Remove the seat.



*(handwritten note: CARRAGE TO ALLOW TO FLIP FORWARD)*

GR1965-A

6. To install, reverse the removal procedure.

7. Check the active restraint system for correct operation. For additional information, refer to <u>Section 501-20A</u>.

---

*(handwritten notes)*

GET PHOTO TO SHOW SEAT

GET VIN # TO SHOW SEAT (REGISTRATION)

CONTACT FORD MOTOR CO. (EXPERT)

GET OWNER MANULE (YEAR?) 9D-PRESENT

*All solid mounts find.*
*No 30/40 seat I chair*
*No 30/40*

# Rear Seat — Second Row, 40 Percent

**Removal and Installation**

**Vehicles with E-Z entry or fold flat seats**

1. Remove the bolt covers and the riser to floor bolts.



**29.7–40.3 Nm
(22–29 lb/ft)**

GR1966-A

2. Fold the seat forward.

**Vehicles with E-Z entry seat**

3. Remove the seat strap bolt.



**29.7–40.3 Nm
(22–29 lb/ft)**

GR1967-A

**Vehicles with fold flat seats**

4. Pry the two rear seat latches loose (one shown).

*40 % pt. pops forward no cover 2nd row*
*2nd row no cover 2nd row*
*all bolts metal pillar or floor*
*40 % pt.*
*fold in pt.*
*2nd solid*